1
2
3
4
5
6
7
8

9          UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11

12  MARY-CATHERINE BOUMAIZ, on        Case No.:  2:19-cv-06997-JLS-ADS
    behalf of herself and all others similarly
13  situated,

                                      **ORDER RE: JOINT
14              Plaintiff,            STIPULATION AND
                                     PROTECTIVE ORDER**
15         vs.

16  CHARTER COMMUNICATIONS,
    LLC, a Delaware Limited Liability
17  Company, and DOES 1 through 10,
    inclusive,
18
                Defendants.
19

20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER RE: JOINT STIPULATION AND PROTECTIVE
ORDER

I. **PURPOSES AND LIMITATIONS**

    A.    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

II. **GOOD CAUSE STATEMENT**

    A.    This action is likely to involve trade secrets, private information of third parties, and other valuable proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties),

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

1    information otherwise generally unavailable to the public, or which

2    may be privileged or otherwise protected from disclosure under

3    state or federal statutes, court rules, case decisions, or common

4    law.  Accordingly, to expedite the flow of information, to facilitate

5    the prompt resolution of disputes over confidentiality of discovery

6    materials, to adequately protect information the parties are entitled

7    to keep confidential, to ensure that the parties are permitted

8    reasonable necessary uses of such material in preparation for and in

9    the conduct of trial, to address their handling at the end of the

10    litigation, and serve the ends of justice, a protective order for such

11    information is justified in this matter.  It is the intent of the parties

12    that information will not be designated as confidential for tactical

13    reasons and that nothing be so designated without a good faith

14    belief that it has been maintained in a confidential, non-public

15    manner, and there is good cause why it should not be part of the

16    public record of this case.

## III.    DEFINITIONS

18    A.    <u>Action</u>:  This pending federal lawsuit entitled *Mary-Catherine*

19    *Boumaiz v. Charter Communications, LLC et al*., Case No. 2:19-

20    cv-06697-JLS-ADS.

21    B.    <u>Challenging Party</u>:  A Party or Non-Party that challenges the

22    designation of information or items under this Order.

23    C.    <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless

24    of how it is generated, stored or maintained) or tangible things that

25    qualify for protection under Federal Rule of Civil Procedure 26(c),

26    and as specified above in the Good Cause Statement.

27    D.    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well

28    as their support staff).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

E.   Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F.   Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.   Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.   House Counsel:  Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.   Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.   Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.   Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L.   Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

M.   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.   Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O.   Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.   SCOPE

A.   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.   Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## V.   DURATION

A.   Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

1    any motions or applications for extension of time pursuant to

2    applicable law.

3  **VI.    DESIGNATING PROTECTED MATERIAL**

4        A.    Exercise of Restraint and Care in Designating Material for

5              Protection

6              1.    Each Party or Non-Party that designates information or

7              items for protection under this Order must take care to limit any

8              such designation to specific material that qualifies under the

9              appropriate standards.  The Designating Party must designate

10             for protection only those parts of material, documents, items, or

11             oral or written communications that qualify so that other

12             portions of the material, documents, items, or communications

13             for which protection is not warranted are not swept unjustifiably

14             within the ambit of this Order.

15             2.    Mass, indiscriminate, or routinized designations are

16             prohibited. Designations that are shown to be clearly unjustified

17             or that have been made for an improper purpose (e.g., to

18             unnecessarily encumber the case development process or to

19             impose unnecessary expenses and burdens on other parties) may

20             expose the Designating Party to sanctions.

21             3.    If it comes to a Designating Party's attention that

22             information or items that it designated for protection do not

23             qualify for protection, that Designating Party must promptly

24             notify all other Parties that it is withdrawing the inapplicable

25             designation.

26        B.    Manner and Timing of Designations

27             1.    Except as otherwise provided in this Order (*see, e.g.*,

28             Section B(2)(b) below), or as otherwise stipulated or ordered,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.  Designation in conformity with this Order requires the following:

a.  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.  A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

1    Protected Material.  If only a portion or portions of the
2    material on a page qualifies for protection, the Producing
3    Party also must clearly identify the protected portion(s)
4    (e.g., by making appropriate markings in the margins).

5    c.    For testimony given in depositions, that the
6    Designating Party identify the Disclosure or Discovery
7    Material on the record, before the close of the deposition
8    all protected testimony.  When it is impractical to identify
9    separately each portion of testimony that is entitled to
10   protection and it appears that substantial portions of the
11   testimony may qualify for protection, the Designating
12   Party may invoke on the record (before the conclusion of
13   the deposition, hearing or other proceeding) a right to
14   have up to 30 days to identify the specific portions of the
15   testimony as to which protection is sought and to specify
16   the level of protection being asserted.  Alternatively, a
17   Designating Party may specify, at the deposition or up to
18   40 days afterward if that period is properly invoked, that
19   the entire transcript shall be treated as
20   "CONFIDENTIAL."

21   d.    For information produced in form other than
22   document and for any other tangible items, that the
23   Producing Party affix in a prominent place on the exterior
24   of the container or containers in which the information is
25   stored the legend "CONFIDENTIAL."  If only a portion
26   or portions of the information warrants protection, the
27   Producing Party, to the extent practicable, shall identify
28   the protected portion(s).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

e. For information produced in electronic form in such a way that makes it impractical or impossible to mark individual documents or pages therein as "CONFIDENTIAL" (such as a Microsoft Word document or Microsoft Excel spreadsheet), the Producing Party shall include the work "CONFIDENTIAL" in all capital letters at the end of the document's file name; for example "Document1 – CONFIDENTIAL.docx" or "Spreadsheet1 – CONFIDENTIAL.xlsx"

C. Inadvertent Failure to Designate

    1. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. Timing of Challenges

    1. Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B. Meet and Confer

    1. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

1   expenses and burdens on other parties) may expose the

2   Challenging Party to sanctions.  Unless the Designating Party has

3   waived or withdrawn the confidentiality designation, all parties

4   shall continue to afford the material in question the level of

5   protection to which it is entitled under the Producing Party's

6   designation until the Court rules on the challenge.

7   **VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

8       A.    Basic Principles

9           1.    A Receiving Party may use Protected Material that is

10   disclosed or produced by another Party or by a Non-Party in

11   connection with this Action only for prosecuting, defending, or

12   attempting to settle this Action.  Such Protected Material may

13   be disclosed only to the categories of persons and under the

14   conditions described in this Order.  When the Action has been

15   terminated, a Receiving Party must comply with the provisions

16   of Section XIV below.

17           2.    Protected Material must be stored and maintained by a

18   Receiving Party at a location and in a secure manner that

19   ensures that access is limited to the persons authorized under

20   this Order.

21       B.    Disclosure of "CONFIDENTIAL" Information or Items

22           1.    Unless otherwise ordered by the Court or permitted in

23   writing by the Designating Party, a Receiving Party may

24   disclose any information or item designated

25   "CONFIDENTIAL" only to:

26           a.  The Receiving Party's Outside Counsel of Record in this

27   Action, as well as employees of said Outside Counsel of

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

Record to whom it is reasonably necessary to disclose the information for this Action;

b. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. The Court and its personnel;

e. Court reporters and their staff;

f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

1  exhibits to depositions that reveal Protected Material may

2  be separately bound by the court reporter and may not be

3  disclosed to anyone except as permitted under this

4  Stipulated Protective Order; and

5        i.  Any mediator or settlement officer, and their supporting

6  personnel, mutually agreed upon by any of the parties

7  engaged in settlement discussions.

8  **IX.   PROTECTED MATERIAL SUBPOENAED OR ORDERED**

9  **PRODUCED IN OTHER LITIGATION**

10  A.   If a Party is served with a subpoena or a court order issued in other

11  litigation that compels disclosure of any information or items

12  designated in this Action as "CONFIDENTIAL," that Party must:

13      1.   Promptly notify in writing the Designating Party.  Such

14  notification shall include a copy of the subpoena or court order;

15      2.   Promptly notify in writing the party who caused the

16  subpoena or order to issue in the other litigation that some or all

17  of the material covered by the subpoena or order is subject to

18  this Protective Order.  Such notification shall include a copy of

19  this Stipulated Protective Order; and

20      3.   Cooperate with respect to all reasonable procedures

21  sought to be pursued by the Designating Party whose Protected

22  Material may be affected.

23  B.   If the Designating Party timely seeks a protective order, the Party

24  served with the subpoena or court order shall not produce any

25  information designated in this action as "CONFIDENTIAL" before

26  a determination by the Court from which the subpoena or order

27  issued, unless the Party has obtained the Designating Party's

28  permission.  The Designating Party shall bear the burden and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

expense of seeking protection in that court of its confidential
material and nothing in these provisions should be construed as
authorizing or encouraging a Receiving Party in this Action to
disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. The terms of this Order are applicable to information produced by
a Non-Party in this Action and designated as "CONFIDENTIAL."
Such information produced by Non-Parties in connection with this
litigation is protected by the remedies and relief provided by this
Order.  Nothing in these provisions should be construed as
prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to
produce a Non-Party's confidential information in its possession,
and the Party is subject to an agreement with the Non-Party not to
produce the Non-Party's confidential information, then the Party
shall:

    1. Promptly notify in writing the Requesting Party and the
Non-Party that some or all of the information requested is
subject to a confidentiality agreement with a Non-Party;

    2. Promptly provide the Non-Party with a copy of the
Stipulated Protective Order in this Action, the relevant
discovery request(s), and a reasonably specific description of
the information requested; and

    3. Make the information requested available for inspection
by the Non-Party, if requested.

C. If the Non-Party fails to  seek a protective order from this court
within 14 days of receiving the notice and accompanying

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

1    information, the Receiving Party may produce the Non-Party's
2    confidential information responsive to the discovery request.  If the
3    Non-Party timely seeks a protective order, the Receiving Party
4    shall not produce any information in its possession or control that
5    is subject to the confidentiality agreement with the Non-Party
6    before a determination by the court.  Absent a court order to the
7    contrary, the Non-Party shall bear the burden and expense of
8    seeking protection in this court of its Protected Material.

9   **XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10          A.    If a Receiving Party learns that, by inadvertence or otherwise, it
11                has disclosed Protected Material to any person or in any
12                circumstance not authorized under this Stipulated Protective Order,
13                the Receiving Party must immediately (1) notify in writing the
14                Designating Party of the unauthorized disclosures, (2) use its best
15                efforts to retrieve all unauthorized copies of the Protected Material,
16                (3) inform the person or persons to whom unauthorized disclosures
17                were made of all the terms of this Order, and (4) request such
18                person or persons to execute the "Acknowledgment and Agreement
19                to be Bound" that is attached hereto as Exhibit A.

20  **XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
21        **PROTECTED MATERIAL**

22          A.    When a Producing Party gives notice to Receiving Parties that
23                certain inadvertently produced material is subject to a claim of
24                privilege or other protection, the obligations of the Receiving
25                Parties are those set forth in Federal Rule of Civil Procedure
26                26(b)(5)(B).  This provision is not intended to modify whatever
27                procedure may be established in an e-discovery order that provides
28                for production without prior privilege review.  Pursuant to Federal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII.  MISCELLANEOUS

A.  Right to Further Relief

1.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.  Right to Assert Other Objections

1.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.  Filing Protected Material

1.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

# XIV. PROTOCOLS RE CONTACTING PUTATIVE CLASS MEMBERS

A. <u>Confidential Designation</u>.  All contact information pertaining to putative class members shall be deemed "CONFIDENTIAL" pursuant to the terms of this Stipulated Protective Order.  In addition to the terms of this Stipulated Protective Order that apply to the treatment of CONFIDENTIAL material, the following protections will apply to all contact information for putative class members.

B. <u>Mandatory Admonitions to Contacted Individuals</u>.  Plaintiff's counsel must inform each putative class member at the outset of the initial contact with that individual—whether in writing, by email, on the phone, or in person—that he or she has a right to decline to communicate with counsel and that, if he or she elects not to talk to counsel, counsel will terminate the contact and will not contact that individual again.  Plaintiff's counsel must also inform the individual at this time that his or her refusal to speak with counsel will not prejudice his or her rights as a class member should the Court certify the class.  Plaintiff shall preserve all such initial communications with putative class members containing the aforementioned admonition.

C. <u>List of Opt-Outs</u>.  Plaintiff's counsel must maintain a list of all putative class members who indicate—whether in writing, by email, on the phone, or in person—that they do not want to be contacted and preserve that list for the Court.

D. <u>Use of Contact Information</u>.  Plaintiff's counsel must only use the contact information of putative class members only for purposes of this action and must not disseminate or disclose such information to anyone who is not necessary to the prosecution of this case.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

## XV.   FINAL DISPOSITION

A.   After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

1          B.     Any violation of this Order may be punished by any and all

2              appropriate measures including, without limitation, contempt

3              proceedings and/or monetary sanctions.

4

5    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

6

7    Dated:    December 3, 2020            /s/ Autumn D. Spaeth

8                                      HON. AUTUMN D.  SPAETH

9                                      United States Magistrate Judge

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issue by

the United States District Court for the Central District of California on [DATE] in

the case of _____ [insert formal name of the case and the

number and initials assigned to it by the Court].  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print     or

type full name] of _____ [print  or  type  full  address  and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

19

ORDER RE: JOINT STIPULATION AND
PROTECTIVE ORDER